## In the Matter of Simon Moses.

### (*District Court, S. D. New York.* March 4, 1880.)

BANKRUPTCY—PROPERTY SUBJECT TO ASSIGNMENT—TITLE OF THIRD PERSON—IN RE BEAL, 2 N. B. R. 587.—Whatever money or property is in the possession of the bankrupt at the time of filing his petition, which he is actually using and holding as his own, passes to his assignee in bankruptcy, and he cannot set up in defence to the claim of the assignee the title of a prior assignee under a general assignment for the benefit of creditors, merely for the purpose of retaining such property in his own possession.

*G. A. Seixas,* for creditors.

*F. R. Lawrence,* for bankrupt.

CHOATE, J. This is an application on the part of creditors of the bankrupt, by petition, to compel the bankrupt to deliver to the assignee certain moneys and property alleged to be in his possession at the time of filing his petition in bankruptcy and not delivered to his assignee. The bankrupt has answered, denying that he had any such money or property; but he now objects to any further proceedings, and moves to dismiss the petition on the ground that, upon the case as stated in the petition, the assignee in bankruptcy has no title or claim to the property, but that, if the bankrupt still holds it, it belongs to his assignee under a voluntary assignment for the benefit of creditors, executed before the filing of the petition in bankruptcy.

The case made by the petition is shortly this: The general assignment for the benefit of creditors was executed December 19, 1877. The petition in bankruptcy was filed June 27, 1878. At and prior to the making of the general assignment

the bankrupt had a large amount of money and personal property, which, with the knowledge and connivance of his voluntary assignee, and to defraud his creditors, he was permitted to use as his own in continuing his business. That part of his property, if any, which he did deliver to the voluntary assignee was delivered in form only, and really remained subject to the control and use of the bankrupt in his business, the assignee permitting the money to be deposited in a bank account opened in his name as assignee, and to be drawn out by or for the use of the bankrupt, and for the bankrupt's own business purposes. The bank account of the assignee was, on the case made, a mere blind for creditors.

This state of things continued till the assignee died, having rendered no account, and having to his credit, in the bank, only about $500. A new assignee has, since his death, been appointed by the court, having jurisdiction of the trust, on the application of the present petitioners. The moneys and property now alleged to be in the hands of the bankrupt are the proceeds and result of the business so carried on, or, perhaps, partly the very money which the bankrupt failed to deliver to his voluntary assignee.

Upon this case I am clearly of opinion, if the facts shall be established by the evidence, that the bankrupt should be compelled to pay over and deliver the money and property to the assignee in bankruptcy. Whatever money or property is in the possession of the bankrupt at the time of filing his petition, which he is actually using and holding as his own, passes to his assignee in bankruptcy, and he cannot set up in defence to the claim of the assignee a title in a third person, merely for the purpose of holding on to it himself. If third persons have the possession this court cannot, on summary petition, order it to be delivered to the assignee. But if the bankrupt has it, it passes to the assignee, subject to the liens or rights of third persons, whatever they may be. After the assignee gets the property any third person may, by petition or suit, assert his rights in it.

If the bankrupt has property which he is using as his own the court will not be curious to inquire how he came by it.

The case of *In re Beal*, 2 N. B. R. 587, is directly in point, and was not so strong a case for the creditor as the present. In that case Judge Lowell says: "The question is one of fact whether this bankrupt had, at the time of his bankruptcy, any estate or effects which he has concealed. If he had such *de facto*, though by a defeasible title, he must set them out in his schedules, and give them to his assignee. It is not for him to rely on the title of a third person which he has not himself respected. The presumption is that he surrendered all his property in 1866; but that is a presumption of fact, and if he did not it is not important whether his motives were good or bad—whether his acts were done with the consent or concurrence, or against the will of his then assignees, and in fraud of their rights. The possession of assets, in the use and enjoyment of the bankrupt, makes a sufficient title for his assignee, until the earlier assignees shall dispute it."

Let an order be entered referring it to the register to take the proofs.